P. D. GOLD ET AL., TRUSTEES OF THE PRIMITIVE BAPTIST CHURCH OF WILSON, v. U. H. COZART ET ALS.

(Filed 26 May, 1917.)

**Limitation of Actions—Religious Societies—Independent Congregations—Trustees—Deeds and Conveyances—Statutes.**

A congregational church under which class each congregation is independent and not a part of a larger system, holding, as such, real property under known and visible metes and bounds for a hundred years, and using it for religious purposes, acquires a fee-simple title, independent of the validity of its deed, Revisal, sec. 2672, and its trustees, under the direction of the church or congregation properly obtained, may convey such title to the purchaser. Revisal, secs. 2670, 2671.

APPEAL by defendants from *Connor, J.,* at chambers in WLISON, 26 April, 1917.

*F. S. Hassell for plaintiffs.*
*W. A. Lucas and J. C. Little for defendants.*

CLARK, C. J. This was a controvesy submitted without action. It appears from the facts agreed, and it is recited in the judgment of the court, that about the year 1802 a paper-writing was executed by John Dew and five others, which purported to be a conveyance of one acre of land, now within the limits of the town of Wilson, to the Baptist Society for the purpose of religious worship; that at that time there was no such organization as the Baptist Society, but that certain persons associating themselves together as a Baptist congregation entered into possession of said 1 acre of land about 1802, and have used the premises for religious worship continuously ever since, adversely to the claims of all other persons, under known and visible boundaries, and have for more than one hundred years maintained on said lot of land a church for religious worship and used it for that purpose; that said church, originally known as the Toisnot Church, has been for many years known as the Primitive Baptist Church of Wilson, and the plaintiffs herein constitute the board of trustees, duly elected, of said Baptist Church, and as such trustees and in consequence of resolutions of the congregation entered into the contract to sell a part of the said lot of land to the defendants, who now decline to accept the deed and pay the purchase price, upon the ground that the plaintiffs cannot execute an indefeasible title to the same. It is further found by the case agreed and by the judgment by the court that under the policy of the Primitive Baptist Church the congregation of each church is supreme in all matters affecting their religious organization, their system being known

as congregational, there being no higher ecclesiastical authority having control or supervision over the action of each congregation. The court below being of opinion that the instrument of December, 1802, is of no effect, because no grantee was named therein, and that the trusts suggested are too vague, indefinite, and uncertain to be capable of construction, but being further of opinion that the congregation styling itself the Primitive Baptist Church at Wilson through its members and their successors have by adverse possession of said lot for more than one hundred years acquired title to the said property, held that the trustees of the Primitive Baptist Church of Wilson, acting under the authority of the conference of the said congregation, can make an indefeasible title, and decreed specific performance of said contract.

If we should concur in the view held by the learned judge, that the paper-writing of 1802 was invalid for the reasons he gave, we are of opinion, however, that inasmuch as a congregation styling themselves the Primitive Baptist Church entered into possession of said property for religious worship and have in succession built two churches upon said premises and have continuously occupied said property for religious worship for more than one hundred years adversely to all the world, said congregation has acquired a valid and indefeasible title to said property, and can make a valid title to the same in accordance with the contract between the trustees of said church (by virtue of a resolution of said congregation) and the defendants.

Revisal 2672, which dates back to Laws 1776, ch. 107, and 1796, ch. 457, sec. 4, provides that all lands and donations of any kind of property conveyed or devised to any church or religious denomination, religious society or congregation, shall be deemed and held to be absolutely vested, as between the parties thereto, in the trustees of said churches and congregations for their several use, and if there are no trustees, then in the church or congregation; Revisal 2673, provides that the trustees of any religious body can sell or convey any property owned by such body when directed to do so by said church or congregation. Revisal 2670 and 2671, authorize such religious body to appoint and remove trustees. We are of opinion that the trustees can execute title thereto. The distinction between the congregational system of church government, under which each congregation is independent, and the connectional system, in which each congregation is a constituent part of a larger association, was pointed out and discussed in *Simmons v. Allison,* 118 N. C., pp. 770, 771.

It may well be that the paper-writing of 1802 which conveyed the property of John Dew and five others for use for religious worship, particularly the Baptist Society, but with liberty to traveling preachers of any other order or sect, might have been valid (*Keith v. Scales,*

124 N. C., at p. 510, and cases there cited), especially as there was evidence showing that there was at that time a Primitive Baptist Church organization in this State. But however that may be, the fact that said grantees and their successors as trustees have continuously used said property for so long a period of time adversely to all the world for the use of the congregation of the Primitive Baptist Church makes a sufficient and complete title, irrespective of the legality or illegality of the paper-writing of 1802. The rights of an individual congregation under the congregational system is also discussed in *Conference v. Allen,* 156 N. C., 526; and the connectional system is discussed in *Kerr v. Hicks,* 154 N. C., 268; *Tilley v. Ellis,* 119 N. C., 242.

Affirmed.